CURRENT OHIO COURT of APPEALS CASES
Weekly Advance Abstract Opinions

No. 140
COFFEY v. CALHOUN

Ohio Appeals, 5th Dist. Holmes Co.
No. 85. Decided Dec. 15, 1924.

147. BILLS AND NOTES—A part payment of promissory note by one joint maker will not save limitations running against several joint makers except payor of part payment.

HOUCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

On March 31, 1897, T. G. Coffey and Mary L. Coffey executed and delivered to Calhoun a promissory note payable one day after date in the sum of $200. The note was credited with one payment in 1907 and two payments in 1920, which were made by T. G. Coffey without the knowledge or consent of Mary L. Coffey. Suit was commenced on December 31, 1923, by Calhoun, the owner, against Mary L. Coffey, and judgment was rendered in a lower court for Calhoun. In reversing the judgment the court of appeals held:

1. The statute of limitations begins to run on a promissory note payable at a definite time at maturity and recovery is barred fifteen years from that date.

2. The statute is not tolled by the part payments already made by the one to be affected thereby or by some person duly authorized for that express purpose.

Attorneys—Charles R. Carey for Coffey; Schuler & Putman for Calhoun.

No. 141
MOSER v. SIMMONS

Ohio Appeals, 5th Dist., Knox Co.
No. 206. Decided Nov. 7, 1924.

182. BROKERS—Real estate broker entitled to commission out of first payment though purchaser fails to complete sale.

HOUCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Action by Moser for real estate commission retained out of first payment. Moser employed defendant to sell his farm, agreeing that defendant should retain 5% of purchase price out of first payment upon sale of property or contract for the sale of same. Defendant obtained a purchaser who made a down payment out of which defendant retained his fee. The purchaser thereafter refused to carry out his contract of purchase. At the trial the court directed a verdict for the defendant. On error the court of appeals affirmed the judgment, holding:

1. The language of the contract under consideration being clear, plain and certain, it seems to us that but one meaning can be applied thereto, namely, that the real estate dealer is and was entitled to retain the $300 in question.

Attorneys—B. B. Ferenbaugh for Moser; Columbus Ewalt and Barton W. Blair for Simmons;; all of Mt. Vernon.

No. 142
INDUSTRIAL COMMISS. v. HESSON

Ohio Appeals, 5th Dist., Ashland Co.
No. 144. Decided Dec. 15, 1924.

465. ERROR.—Discretion for the exercise of which reversal is proper is limited to abuse in exercise.

HOUCK, J.

Epitomized Opinion
Published only in Ohio Law Abstract

Action by Hesson for compensation from the state insurance fund on account of injuries to her husband resulting in his death. The application was denied and appealed to the common pleas court and after trial verdict for the plaintiff of $5350. Error is prosecuted for reversal on the grounds of an abuse of discretion by the trial judge in permitting the case to be tried at the time and on the day it was disposed of and for failure of proof necessary to sustain the claim of the plaintiff. First claim to error is based on the fact that R. R. Zurmehly, a representative of the attorney-general's office, could not be present at the trial. The record discloses that the Industrial Commission was represented at the trial by the prosecuting attorney of Ashland county and H. A. Mykrantz. In affirming judgment the appeals court held:

1. There was no abuse of discretion on the part of the trial judge in insisting on the trial of the case.

2. An examination of the testimony discloses that there was some evidence offered to sustain each and all of the material and necessary elements to warrant a recovery and there is no prejudicial error in the record.

Attorneys—R. R. Zurmehly, Columbus counsel for Commission; J. L. Mason and M. V. Semple, Ashland, for Hesson.